**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiffs
FACEBOOK, INC. and INSTAGRAM, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company, | CASE NO.:  3:20-cv-07345 |
| Plaintiffs, | **COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| SEAN HEILWEIL, and JARRETT LUSSO, d/b/a "BOOSTGRAM" | |
| Defendants. | |

Plaintiffs Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram") allege the following:

## INTRODUCTION

1.     Since at least August 1, 2015, and continuing to the present, Defendants Sean Heilweil and Jarret Lusso operated an unlawful business using the website boostgram.com.  Defendants' business artificially inflated the "likes" and "followers" of Instagram accounts (a practice known as "fake engagement").  Defendants used a network of computers or "bots," computer scripts, and their customers' Instagram accounts to deliver automated "likes" and "followers" to Instagram accounts, and promoted their fake engagement service using a diluting domain name, in violation of Instagram's Terms of Use, Community Guidelines, and Platform Policy and state and federal laws.

2.     Defendants interfered with and continue to interfere with Instagram's service, created an inauthentic experience for Instagram users, and attempted to fraudulently influence Instagram users for their own enrichment.  Facebook and Instagram bring this action to stop Defendants' ongoing and future misuse of Plaintiffs' platform and infringing activity.  Facebook and Instagram also bring this action to obtain compensatory and punitive damages pursuant to the California Comprehensive Computer Data Access and Fraud Act, Section 502 (the "CCCDAFA"); Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"), the Lanham Act, 15 U.S.C. § 1125 (c) and (d), and for breach of contract.  Facebook and Instagram also seek disgorgement of Defendants' illicit profits for unjust enrichment.

## PARTIES

3.     Plaintiff Facebook is a Delaware corporation with its principal place of business in Menlo Park, California.

4.     Plaintiff Instagram is a Delaware limited liability company with its principal place of business in Menlo Park, California.  Instagram is a subsidiary of Facebook.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5.     Defendant Sean Heilweil is an individual who is domiciled in the state of New York.

6.     Defendant Jarrett Lusso is an individual who is domiciled in the state of New York.

7.     Since at least August 1, 2015, Defendants Lusso and Heilweil have controlled the boostgram.com fake engagement service.  Exs. 1-2.  On their website, Defendants offered users a way to "increase [their] Instagram exposure" and "get real organic engagement on [their] Instagram account in just three clicks."  Ex. 3.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the federal causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative facts as Facebook and Instagram's federal claim.

10.    In addition, this Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and each of the named Defendants exists, and because the amount in controversy exceeds $75,000.

11.    This Court has personal jurisdiction over Defendants because each Defendant had an Instagram account and agreed to Instagram's Terms of Use. Additionally, Defendants, through their business, acquired access to their customers' Instagram accounts, and used those accounts to provide fake engagement.  Accordingly, the Court has personal jurisdiction over Defendants because Instagram's Terms of Use contain a forum selection clause that requires this complaint be resolved exclusively in this Court and that Defendants submit to the personal jurisdiction of this Court.

12.    This Court also has personal jurisdiction over Defendants because they knowingly and intentionally directed their actions at California, and at Facebook and Instagram, which have their principal place of business in California.  Defendants'

COMPLAINT; DEMAND FOR JURY TRIAL

business model depended on accessing and using Instagram in order to artificially manipulate Instagram accounts in exchange for money and used a mark that dilutes Instagram marks.   Additionally, Defendants transacted business and engaged in commerce in California by, among other things, knowingly using a server and computer network located in the Northern District of California to operate their fake engagement service.

13.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the threatened and actual harm to Facebook and Instagram occurred in this District.

14.   Pursuant to Civil L.R. 3-2(c), this case may be assigned to either the San Francisco or Oakland division because Facebook and Instagram are located in San Mateo County.

## FACTUAL ALLEGATIONS

### A.   Background on Instagram and Facebook

15.   Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices.   As of August 2020, Facebook daily active users averaged 1.79 billion and monthly active users averaged 2.7 billion.   Facebook has several products, including Instagram.   Facebook owns and operates the Instagram service, platform, and computers.

16.   Instagram is a photo and video sharing service, mobile application, and social network.   Instagram users can post photos and videos to their profile and share them with their followers or a select group of friends.   Instagram users can also view, comment on, and "like" posts shared by others on Instagram.

17.   Instagram users can gain followers, views, and likes, but only from other registered Instagram users.   If a visitor to Instagram does not have an Instagram account and tries to "like" a post, the visitor is redirected to the Instagram login page to enter their Instagram credentials or to create an Instagram account.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

18.     When an Instagram user posts a photo to their account, other Instagram users can view the photo, and choose to "like" it and add a comment to the post.  For private accounts, followers of the private account can see the post.  For public accounts, anyone with an Instagram account can see the post.  When a photo is liked or a comment about the post is added, that like and comment can be seen by anyone who can see the post.  An Instagram user can also choose to "follow" another Instagram user.  Instagram users can see the total number of users following an Instagram account.  For marketing and other commercial purposes, certain Instagram users strive to increase the number of followers, views, comments, and likes they receive to increase their visibility and popularity on Instagram.

**B.     Instagram's Terms of Use, Guidelines, and Platform Policy**

19.     Everyone who uses Instagram agrees to Instagram's Terms of Use ("Terms") and other rules that govern access to and use of Instagram, including Instagram's Community Guidelines, Brand Guidelines, and Platform Policy (collectively, "Terms and Policies").[1]  Since April 2018, the Instagram Terms state that because Instagram is a Facebook product, the Instagram Terms constitute an agreement between the Instagram users and Facebook.

20.     Since at least April 2018, Instagram's Terms have prohibited users from (a) "do[ing] anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose"; (b) "interfer[ing] with or impair[ing] the intended operation of [Instagram]"; (c) "attempt[ing] to buy, [or] sell . . . any aspect of [an Instagram] account"; (d) "access . . . information in unauthorized ways" including "in an automated way without our express permission"; (e) "violate (or help or encourage others to violate) [Instagram] Terms or [Instagram] policies . . . including . . . the Instagram Community Guidelines[, and] Instagram Platform Policy."

---

[1] Instagram's Terms and Policies can be accessed at https://help.instagram.com/581066165581870.

3:20-cv-07345

21.   In addition, Instagram's Terms require users to "use [Instagram's] intellectual property and trademarks or similar marks," only "as expressly permitted by [Instagram's] Brand Guidelines[2] or with [] prior written permission."  The Brand Guidelines prohibit using the marks in a way that "[m]akes the Instagram brand the most distinctive or prominent feature," "[i]mplies partnership, sponsorship or endorsement," or "combine[s] 'Insta' or 'gram' with [the user's] own brand."

22.   Instagram's Community Guidelines prohibit users from artificially collecting likes and followers.

### C.   Defendants Diluted Instagram's Registered Trademarks

23.   Instagram owns the exclusive rights to the highly distinctive INSTAGRAM word mark, having used the mark in connection with its goods and services as early as 2010.

24.   In addition to its extensive common law rights, Instagram owns numerous United States registrations for the INSTAGRAM word mark, including, but not limited to:

a)  United States Registration Number 4,822,600;

b)  United States Registration Number 4,146,057;

c)  United States Registration Number 4,756,754;

d)  United States Registration Number 4,863,595;

e)  United States Registration Number 4,863,594;

f)  United States Registration Number 5,566,030;

g)  United States Registration Number 4,170,675; and

h)  United States Registration Number 4,827,509.

25.   Copies of these registration certificates are attached to this complaint as Exhibit 4.  Instagram's common law and registered trademark rights are collectively referred to as the "Instagram Trademarks."

[2] Instagram Brand Guidelines can be found at https://en.instagram-brand.com/.

3:20-cv-07345
COMPLAINT; DEMAND FOR JURY TRIAL

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

26.     In or around April 2017, Plaintiffs learned that on March 2, 2014, Defendants registered and began using the domain name boostgram.com ("Domain Name"), which dilutes the Instagram Trademarks.  Exs. 2 and 5.

27.     Instagram's use of the Instagram Trademarks in interstate commerce has been extensive, continuous, and substantially exclusive.  Instagram has made, and continues to make, a substantial investment of time and effort in the promotion of Instagram and the Instagram Trademarks.  Through Instagram's widespread use of the Instagram Trademarks, extensive and continuous media coverage, the high degree of consumer recognition of the Instagram Trademarks, Instagram's enormous and loyal user base, its multiple trademark registrations and pending applications, and other factors, the Instagram Trademarks are highly distinctive and enjoy widespread recognition among consumers pre-dating Defendants' use of the dilutive "Boostgram."

28.     As a result of Instagram's efforts and use, the Instagram Trademarks are famous within the meaning of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(c), as they are recognized within the United States and around the world as signifying high quality, authentic goods and services provided by Instagram.

29.     Since at least August 1, 2015, Defendants have diluted the Instagram Trademarks by referring to their service as "BOOSTGRAM" and listing a "Boostgram" copyright on their website.  Exs. 1 and 3.

**D.     Facebook and Instagram's Enforcement Actions against Defendants**

30.     Since 2017, to protect Instagram users and the Instagram service, Facebook and Instagram have taken multiple enforcement actions against Defendants for violating Instagram's Terms and Policies, including sending multiple cease and desist letters to Defendants and disabling Facebook and Instagram accounts associated with Defendants and their fake engagement operation.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### 1.    May 11, 2017 Cease and Desist

31.    On May 11, 2017, Facebook and Instagram sent a cease and desist letter to Defendants Heilweil and Lusso for marketing and providing fake engagement services through the boostgram.com website.  Ex. 6.  At that time, Facebook and Instagram also disabled Instagram and Facebook accounts associated with Defendants.

32.    In the May 2017 cease and desist letter, Plaintiffs demanded that Defendants stop violating Instagram's Terms and Policies, including:

- Misleading Instagram users;
- Selling APIs (application programming interfaces) or tools to others;
- Automating interactions between profiles that have no prior relationship;
- Facilitating or encouraging others to violate Instagram's [Terms].

33.    The May 2017 cease and desist letter informed Defendants that Facebook revoked their access to use and access Facebook and Instagram services.  *Id.*  The May 2017 cease and desist letter also notified Defendants that their service interfered with Facebook and Instagram; and that Defendants' actions may have violated state and federal laws, including the CFAA and the CCCDAFA.  *Id.*

34.    On May 13, 2017, in response to the May 2017 cease and desist letter, an attorney representing Defendants Heilweil and Lusso contacted counsel for Facebook and Instagram.  In the response, Defendants' counsel acknowledged that Defendants controlled boostgram.com, stating that Defendants "intended to defend the use and operation" of boostgram.com, and claimed the service did not violate Instagram's Terms and Policies.  Defendants' counsel also requested the reinstatement of Defendants' accounts and access to Facebook and Instagram, which Plaintiffs declined.

35.    After Defendants received the cease and desist letter, Defendants continued to provide the same fake engagement service to artificially inflate likes and followers and only removed the references to the term "automation" on their website promoting the service.  Exs. 3 and 7.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### 2.    August 27, 2019 Cease and Desist

36.    Despite having their access revoked, between May 16, 2017 and January 2, 2019, Defendants created at least seven new Instagram accounts in order to access and use Instagram.

37.    On August 27, 2019, Plaintiffs sent another cease and desist letter to Defendants and referenced the May 2017 cease and desist letter.  Ex. 8.

38.    In the August 2019 letter, Facebook and Instagram again demanded that Defendants stop abusing Instagram and stop violating Instagram's Terms and Policies. Plaintiffs reiterated to Defendants that their conduct may have violated the CCCDAFA and the CFAA.  *Id.*  Facebook and Instagram again notified Defendants that their access to Facebook and Instagram had been revoked and disabled Defendants' newly created accounts.  *Id.*

39.    On August 29, 2019, in response to the August 2019 cease and desist letter, Defendants' attorney informed counsel for Facebook and Instagram that Defendants did not intend to stop providing fake engagement services or cease the operation of the website boostgram.com.

40.    On May 26, 2020, Plaintiffs sent a final letter to Defendants' counsel.  In the May 2020 letter, Plaintiffs reiterated that Defendants' operation violated Instagram's Terms and Policies and noted that Defendants' access to Facebook and Instagram had been revoked since May 11, 2017.  Defendants failed to respond to the May 2020 letter.

41.    Despite Plaintiffs' enforcement efforts, Defendants resumed and continued to access and use the Instagram service.

/ / /

/ / /

/ / /

/ / /

/ / /

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**E.**     **Defendants Used an Automated Process and Bots to Artificially Increase the Likes and Followers of Instagram Users and Interfered with Instagram's Service and Computer Network**

42.     Since at least August 1, 2015 and continuing to the present, Defendants used the website boostgram.com to market and provide fake engagement services for Instagram and conducted financial transactions with their customers.  Exs. 1 and 3.

43.     Beginning no later than July 14, 2020, Defendants used Amazon servers located in San Jose, California to host and operate their fake engagement business.

44.     Between March 2014 and August 2019, Defendants promoted the boostgram.com website on YouTube, Facebook, and Instagram.   For example, Defendants were the only administrators of a Facebook page named "Boostgram," which Defendants used to promote boostgram.com.

45.     On or about March 2, 2014, Defendant Lusso created and operated an Instagram account with the vanity name "getboostgram."  In the bio of that Instagram account, Lusso wrote, "Generate Real Followers, Likes, and Comments on your Instagram!"

46.     Between August 1, 2015 and May 2017, Defendants offered their customers the ability to "Automate [Their] Instagram Activity" and "Get real followers, likes, and comments on [their] Instagram in three clicks."  Ex. 1.  Defendants stated their service "automatically interacts with new fans on [their customers'] behalf."  *Id.* Due to Plaintiffs' enforcement actions, Defendants removed all references to "automation" from their website but continue to offer fake engagement services.  Exs. 3 and 7.

47.     Since June 2017 to present, Defendants have referred to their fake engagement service as "audience targeting" on their website, but nonetheless provided the same service to artificially inflate likes and followers.  *Id.*

9

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

48.     Defendants charged a fixed weekly price for their fake engagement services.  As shown below in Figure 1, after a free three-day trial, Defendants charged a weekly price of $31 per user account for their fake engagement service.

**Figure 1: Boostgram Pricing**



49.     Once a customer registered their Instagram account with Boostgram, Defendants used bots and computer scripts to (a) login to the customer's Instagram account in an automated manner, and (b) use the Instagram account to automate the delivery of thousands of artificial likes and to follow other Instagram users.  This conduct was not authorized by Facebook or Instagram.

50.     As shown below in Figure 2, as of August 7, 2020, Defendants offer their customers the ability to customize the fake engagement from their Instagram account. And an earlier version of boostgram.com allowed customers to control the rate at which the fake engagement was delivered.

/ / /

/ / /

/ / /

/ / /

/ / /

10

3:20-cv-07345

COMPLAINT; DEMAND FOR JURY TRIAL

**Figure 2: Boostgram Dashboard**



51.     For example, between July 16, 2019 and July 19, 2019, after registering an Instagram account on boostgram.com and paying Defendants $31.00, Defendants' bots and computer scripts used the Instagram account to automate the delivery of over 5,000 likes to other Instagram accounts.

52.     Similarly, between July 23, 2020 and July 30, 2020, after registering an Instagram account on boostgram.com and paying Defendants $31.00, Defendants' automated system used the Instagram account to deliver over 6,500 likes to other Instagram accounts.

**F.     Defendants Unjustly Enriched Themselves and Their Unlawful Acts Have Caused Damage and a Loss to Facebook and Instagram**

53.     Defendants' continued breaches of Instagram's Terms and Policies have caused Facebook and Instagram substantial harm.  Defendants interfered and continue to interfere with Instagram's service.  Defendants created and continue to create an inauthentic experience for Instagram users who used, viewed, and relied on Defendants' fake engagement.

54.     Facebook and Instagram have suffered damages attributable to the efforts and resources it has used to address this complaint, investigate, and mitigate Defendants' illegal conduct, and to identify, analyze, and stop their fraudulent and injurious activities.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

55.     Since at least August 2015, Defendants have unjustly enriched themselves at the expense of Facebook and Instagram in an amount to be determined at trial. Facebook and Instagram are entitled to an accounting by Defendants and a disgorgement of all unlawful profits gained from their unlawful conduct.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

56.     Facebook and Instagram incorporate all preceding paragraphs here.

57.     Each Defendant created an Instagram account and agreed to Instagram's Terms and Policies.

58.     Defendants used their customers' Instagram accounts to provide fake engagement to other Instagram users.  Defendants' use of those Instagram accounts was also governed by Instagram's Terms and Policies.  Because Defendants' unlawful business used and targeted Instagram users, each Defendant agreed to Instagram's Terms and Policies.

59.     Despite each Defendant's agreement to Instagram's Terms and Policies, they repeatedly breached them.  Defendants breached Instagram's Terms and Policies by taking the actions described above, all in an attempt to fraudulently influence other Instagram users and enrich themselves while damaging Facebook and Instagram.  Not only did Defendants' fake engagement service violate Instagram's Terms and Policies, they encouraged and helped others to violate Instagram's Terms and Policies, which itself was a violation.  Similarly, Defendants violated Instagram's Terms and Policies because they accessed Instagram and information on Instagram in an unauthorized automated way without Instagram or Facebook's express permission.

60.     Defendants also breached Instagram's Brand Guidelines by improperly using the term "gram" in the boostgram.com domain name.

61.     Facebook and Instagram have performed all conditions, covenants, and promises required of them in accordance with their agreements with Defendants.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    62.    Defendants' many breaches have caused Facebook and Instagram to incur

2    damages in an amount to be determined at trial, but in an amount exceeding $75,000.

3    **SECOND CAUSE OF ACTION**

4    (California Penal Code § 502)

5    63.    Facebook and Instagram incorporate all preceding paragraphs here.

6    64.    Since at least May 2017, Defendants have violated California Penal Code

7    § 502 by accessing Facebook and Instagram and operating their fake engagement

8    service after Facebook and Instagram sent Defendants cease and desist letters, revoked

9    Defendants' access to Facebook and Instagram, and disabled their user accounts.

10    65.    Defendants knowingly accessed and without permission used Facebook

11    and Instagram's data, computers, computer system, and computer network in order to

12    (A) devise or execute a scheme or artifice to defraud and deceive, and (B) to wrongfully

13    control or obtain money, property, or data, in violation of California Penal Code §

14    502(c)(1).   Defendants' business model is based on deceiving Instagram users and

15    unjustly profiting from it.

16    66.    Defendants knowingly and without permission used or caused to be used

17    Facebook and Instagram's computer services in violation of California Penal Code

18    § 502(c)(3) by accessing and using Instagram after Facebook and Instagram sent them

19    multiple cease and desist letters revoking their access to Instagram and disabled their

20    user accounts.

21    67.    By artificially inflating certain Instagram users' likes and followers, and

22    impairing the intended operation of Instagram, Defendants knowingly and without

23    permission disrupted or caused the disruption of Facebook and Instagram's computer

24    services, computers, computer systems, and/or computer networks in violation of

25    California Penal Code § 502(c)(5).

26    68.    Defendants knowingly and without permission accessed and caused to be

27    accessed Facebook and Instagram's computers, computer systems, and/or computer

28    networks in violation of California Penal Code § 502(c)(7).   Defendants accessed

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Facebook and Instagram's computer network after Facebook and Instagram disabled their Instagram accounts, and sent multiple cease and desist letters to Defendants revoking their access to the Instagram platform.

69.     Because Facebook and Instagram suffered damages and a loss as a result of Defendants' actions and continue to suffer damages as result of Defendants' actions, Facebook and Instagram are entitled to compensatory damages, in an amount of at least $75,000, attorney fees, and any other amount of damages proven at trial, and injunctive relief under California Penal Code § 502(e)(1) and (2).

70.     Because Defendants willfully violated California Penal Code § 502, and there is clear and convincing evidence that Defendants committed "fraud" as defined by Section 3294 of the Civil Code, Facebook is entitled to punitive and exemplary damages under California Penal Code § 502(e)(4).

### THIRD CAUSE OF ACTION

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

71.     Facebook and Instagram incorporate all preceding paragraphs here.

72.     Since at least May 2017, Defendants have violated 18 U.S.C. § 1030 by accessing Facebook and Instagram without authorization in order to operate their fake engagement service.  Specifically, Defendants accessed Facebook and Instagram after Plaintiffs sent Defendants multiple cease and desist letters, revoked Defendants' access to Facebook and Instagram, and disabled their accounts.

73.     Facebook and Instagram computers and servers are protected computers as defined by 18 U.S.C. § 1030(e)(2).

74.     Defendants' access and use of Facebook and Instagram's computers and computer systems was unauthorized since at least May 2017 because Defendants accessed and used Facebook and Instagram's computer network after Facebook and Instagram disabled their Instagram accounts and sent multiple cease and desist letters to Defendants revoking their access to and use of the Instagram platform.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

75.     Defendants violated 18 U.S.C. § 1030(a)(4) because they knowingly and with intent to defraud accessed Facebook and Instagram protected computers by sending unauthorized commands and signals to Facebook and Instagram computers and by means of such conduct furthered the intended fraud and obtained something of value. Defendants sent the commands to Facebook and Instagram computers to manipulate Instagram's service by automating the delivery of likes and followers and fraudulently inflating likes and followers of certain Instagram posts and accounts.  Defendants did these acts in exchange for profit.

76.     Defendants violated 18 U.S.C. § 1030(b) by conspiring or attempting to commit the violation alleged in the preceding paragraph.

77.     Defendants' conduct has caused a loss to Facebook and Instagram during a one-year period in excess of $5,000.

78.     Defendants' actions caused Facebook and Instagram to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate, mitigate, and respond to Defendants' conduct.  Facebook and Instagram are entitled to be compensated for losses and damages in an amount proven at trial.

79.     Facebook and Instagram have no adequate remedy at law that would prevent Defendants from continuing their fraudulent scheme.  Permanent injunctive relief is therefore warranted.

## FOURTH CAUSE OF ACTION

(Cybersquatting on the Instagram Trademarks Under 15  U.S.C. § 1125(d))

80.     Facebook and Instagram incorporate all preceding paragraphs here.

81.     The Instagram Trademarks were highly distinctive and federally registered at the United States Patent and Trademark Office at the time Defendants registered the Domain Name.

82.     The Instagram Trademarks are and were famous within the meaning of 15 U.S.C. § 1125(c) at the time of the registration of the Domain Name.

83.     The Domain Name is dilutive of the Instagram Trademarks.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

84.    Defendants registered, trafficked in, and used the Domain Name with a bad-faith intent to profit from the Instagram Trademarks.

85.    The Domain Name does not consist of the legal name of either Defendant, nor does it consist of a name that is otherwise commonly used to identify either Defendant.

86.    Defendants have not made any prior use of the Domain Name in connection with the *bona fide* offering of any goods or services.

87.    Defendants have not made any *bona fide* noncommercial or fair use of the Instagram Trademarks on a website accessible at the Domain Name.

88.    Defendants registered and used the Domain Name to capitalize on the Instagram Trademarks and to offer illicit services specifically aimed at Instagram.com for Defendants' commercial gain.  Such registration and use dilutes the distinctive quality of the Instagram Trademarks by tarnishing or lessening the distinctiveness of the Instagram Trademarks.

89.    Defendants' registration, trafficking, and use of the Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Facebook and Instagram to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

90.    Facebook and Instagram are entitled to recover their costs as well as Defendants' profits, Plaintiffs' actual damages, or statutory damages under 15 U.S.C. § 1117(d), on election by Facebook and Instagram, in an amount of $100,000 per domain name.

91.    This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FIFTH CAUSE OF ACTION

(Dilution of the Instagram Trademarks Under 15 U.S.C. § 1125(c))

92.    Facebook and Instagram incorporate all preceding paragraphs here.

93.    The Instagram Trademarks are famous, as that term is used in 15 U.S.C. § 1125(c), and they were famous before Defendants' use of Boostgram and variations of

the Instagram Trademarks in commerce.  This fame is based on, among other things, the inherent distinctiveness and federal registration of each of the Instagram Trademarks, as well as the extensive and exclusive worldwide use, advertising, promotion, and recognition of them.

94.    Defendants' use of Boostgram and variations thereof, in commerce is likely to cause dilution by blurring, or dilution by tarnishment, of these trademarks.

95.    Defendants' acts constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling Plaintiffs to relief.

96.    Defendants have unfairly profited from their conduct.

97.    Defendants damaged the goodwill associated with the Instagram Trademarks and will continue to cause irreparable harm.

98.    Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

99.    Because Defendants acted willfully, Plaintiffs are entitled to damages, and those damages should be trebled pursuant to 15 U.S.C. § 1117(a).

100.   This is an exceptional case, making Plaintiffs eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment)

101.   Facebook and Instagram incorporate all preceding paragraphs here.

102.   Defendants' acts as alleged herein constitute unjust enrichment by the Defendants at Facebook and Instagram's expense.

103.   Defendants accessed and used, without authorization or permission, Facebook and Instagram's service, platform, and computer network, all of which belong to Facebook and Instagram.

104.   Defendants used Facebook and Instagram's service, platform, and computer network to, among other things, defraud and deceive Instagram users,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

artificially inflate likes and followers for certain Instagram posts and accounts, impair the intended operation of Instagram, interfere with Instagram's service, platform, and computer network, and wrongfully obtain money from the operation of their unlawful business.

105.   Defendants received a benefit by profiting off of their unauthorized use of Facebook and Instagram's service, platform, and computer network.   But for Defendants' illegal use of Instagram, they would not have received the profits they achieved.

106.   Defendants' retention of the profits derived from their unlawful and unauthorized use of Facebook and Instagram's service, platform, and computer network would be unjust.

107.   Facebook and Instagram seek an accounting and disgorgement of Defendants' ill-gotten profits in an amount to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Facebook and Instagram are entitled to judgment against Defendants on each of Plaintiffs' causes of action awarding Facebook and Instagram:

1.   Compensatory damages in an amount to be determined at trial;

2.   Punitive damages in an amount to be determined at trial;

3.   An accounting of each Defendants profits resulting from their fake engagement service;

4.   Disgorgement of Defendants' profits resulting from their fake engagement service;

5.   A permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert or participation with any of them from:

a. accessing or attempting to access Facebook and Instagram's service, platform, and computer systems;

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

b.  registering, using, or trafficking in any domain name that is identical or confusingly similar to any of the Instagram Trademarks;

c.  engaging in any activity which tarnishes or lessens the distinctiveness of the Instagram Trademarks;

d.  creating or maintaining any Instagram accounts in violation of Instagram's Terms and Policies;

e.  engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook and Instagram's service, platform, and computer systems; and

f.  engaging in any activity, or facilitating others to do the same, that violates Instagram's Terms and Policies.

6.    That Facebook and Instagram be awarded damages for Defendants' trademark dilution and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

7.    That Plaintiffs be awarded $100,000 in statutory damages per infringing domain name by reason of Defendants' cybersquatting in accordance with the provisions of 15 U.S.C. § 1117.

8.    That Facebook and Instagram be awarded their reasonable costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

9.    That Facebook and Instagram be awarded pre- and post-judgment interest as allowed by law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    10.    All such other and further relief as this Court may deem just and proper.

2

3    Dated:  October 20, 2020                     **HUNTON ANDREWS KURTH LLP**

4

5                                          By:    ____/s/ Ann Marie Mortimer____

6                                                 Ann Marie Mortimer
                                                  Jason J. Kim
7                                                 Jeff R. R. Nelson
                                                  Attorneys for Plaintiffs
8                                                 FACEBOOK, INC. and
                                                  INSTAGRAM, LLC
9

10                                                Platform Enforcement and
11                                                Litigation
                                                  Facebook, Inc.
12                                                Jessica Romero
                                                  Michael Chmelar
13                                                V. RaShawn Woodley
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

3

4   Dated:  October 20, 2020                **HUNTON ANDREWS KURTH LLP**

5

6                                    By:   ___/s/ Ann Marie Mortimer___

7                                          Ann Marie Mortimer

8                                          Jason J. Kim
                                           Jeff R. R. Nelson

9                                     Attorneys for Plaintiffs

10                                    FACEBOOK, INC. and
                                      INSTAGRAM, LLC

11

12                                         Platform Enforcement and
                                           Litigation

13                                         Facebook, Inc.

14                                         Jessica Romero
                                           Michael Chmelar

15                                         V. RaShawn Woodley

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**EXHIBIT 1**

2020-08-04 ... boostgram.com ... archive.org

http://boostgram.com/

92 captures
4 Oct 2015 - 16 Apr 2020

MAY DEC AUG
2014 2016 01
2015



# Boostgram

How It Works    Features    Get Free Account    Sign In

# Automate Your Instagram Activity

Get real followers, likes, and comments on your instagram in three clicks.

**Start Your 3 Day Free Trial**

## How It Works



### Connect to Instagram

To get started, connect your Instagram account to Boostgram. Once you're connected, you will be allowed to access our dashboard.



### Enter your Preferences

Now that you're in the Boostgram dashboard, you'll want to setup your account to target the type of audience you want to engage with.



### Save & Start

Once you have perfected your settings press the Save & Start button. Now, sit back, and enjoy your new organic fans and engagement.



**Start Your 3 Day Free Trial**

## Our Features



### Automated Activity

Boostgram automatically interacts with new fans on your behalf. This leads to thousands of new people following, liking, and interacting with your profile.



### Schedule Posts

Create a unique Instagram campaign or plan posts in advance, Boostgram lets you schedule any content to be posted now or in the future.



### Full Control

We provide a full range of actions and settings to help you increase and target highly specific fans on your Instagram account.



### Gender Targeting

Our customized gender targeting allows you to automatically interact with either female, male or both audiences.



### Location Targeting

Targeting by location allows you to focus your efforts to specific geographic areas. This is very effective for local and regional businesses.



### No Download

Our enterprise level software runs entirely on our own web servers, so there is no need to download or install any applications.



### Manage Multiple Accounts

Add multiple Instagram accounts into your dashboard for easy and simple control over multiple Instagram accounts.



### Mobile Ready

Our web based software is also 100% mobile friendly. Edit your settings on the go or login to check on your statistics.



### 24/7 Support

We're here to help! Our friendly support staff is available 24/7 to answer any questions through both chat and email.

## Don't Be Basic, Be Awesome

Get real egagement on your Instagram right now!

**Start Your 3 Day Free Trial**

Copyright © 2015 Boostgram. All Rights Reserved.

How It Works    Features    Get Free Account    Sign In    Terms of Service    Privacy Policy

**EXHIBIT 2**

## 🔍 Inspect: boostgram.com

| Domain Profile | Screenshot History | **Whois History** | Hosting History | SSL Profile |

**2015-01-07** - (6 years ago)
1 identical record

| | |
|---|---|
| **Domain** | boostgram.com |
| **Record Date** | 2015-01-07 |
| **Registrar** | ENOM, INC. |
| **Server** | whois.enom.com |
| **Created** | 2014-03-02 (6 years ago) |
| **Updated** | 2014-03-02 (6 years ago) |
| **Expires** | 2015-03-02 (5 years ago) |
| **Unique Emails** | • abuse@enom.com<br>• sean@cacheventures.com |

```
Domain Name: BOOSTGRAM.COM
Registry Domain ID: 1848853418_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.enom.com
Registrar URL: www.enom.com
Updated Date: 2014-03-02T14:53:19.00Z
Creation Date: 2014-03-02T22:53:00.00Z
Registrar Registration Expiration Date: 2015-03-02T22:53:00.00Z
Registrar: ENOM, INC.
Registrar IANA ID: 48
Registrar Abuse Contact Email: abuse@enom.com
Registrar Abuse Contact Phone: +1.4252982646
Reseller: NAMECHEAP.COM
Domain Status: clientTransferProhibited
Registry Registrant ID:
Registrant Name: SEAN HEILWEIL
Registrant Organization: CACHE VENTURES, LLC
Registrant Street: PO BOX
Registrant City: MONROE
Registrant State/Province: NY
Registrant Postal Code: 10949
Registrant Country: US
Registrant Phone: +1.6463960803
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: SEAN@CACHEVENTURES.COM
Registry Admin ID:
Admin Name: SEAN HEILWEIL
Admin Organization: CACHE VENTURES, LLC
Admin Street: PO BOX
Admin City: MONROE
Admin State/Province: NY
Admin Postal Code: 10949
Admin Country: US
Admin Phone: +1.6463960803
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: SEAN@CACHEVENTURES.COM
Registry Tech ID:
Tech Name: SEAN HEILWEIL
Tech Organization: CACHE VENTURES, LLC
Tech Street: PO BOX
Tech City: MONROE
Tech State/Province: NY
Tech Postal Code: 10949
Tech Country: US
Tech Phone: +1.6463960803
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: SEAN@CACHEVENTURES.COM
Name Server: NS-1013.AWSDNS-62.NET
Name Server: NS-1088.AWSDNS-08.ORG
Name Server: NS-1737.AWSDNS-25.CO.UK
Name Server: NS-311.AWSDNS-38.COM
DNSSEC: unSigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

## Historical Records

188 records found

**EXHIBIT 3**

Case 2:25-cv-xxxxx   Document x   Filed 05/xx/25   Page 29 of 58



# Increase Your Instagram Exposure

Get real organic engagement on your Instagram account in just three clicks.

**Start Your 3 Day Free Trial**

## How It Works



### Connect to Instagram

To get started, connect your Instagram account to Boostgram. Once you're connected, you will be allowed to access our dashboard.



### Enter your Preferences

Now that you're in the Boostgram dashboard, you'll want to setup your account to target the type of audience you want to engage with.



### Save & Start

Once you have perfected your settings press the Save & Start button. Now, sit back, and enjoy your new organic fans and engagement.

**Start Your 3 Day Free Trial**

## Our Features



### Audience Targeting

Boostgram attracts new followers to your Instagram account. This leads to thousands of new people following, liking, and interacting with your profile.



### Schedule Posts

Create a unique Instagram campaign or plan posts in advance, Boostgram lets you schedule any content to be posted now or in the future.



### Full Control

We provide a full range of actions and settings to help you increase and target highly specific fans on your Instagram account.



### Gender Targeting

Our customized gender targeting allows you to automatically interact with either female, male or both audiences.



### Location Targeting

Targeting by location allows you to focus your efforts to specific geographic areas. This is very effective for local and regional businesses.



### No Download

Our enterprise level software runs entirely on our own web servers, so there is no need to download or install any applications.



### Manage Multiple Accounts

Add multiple Instagram accounts into your dashboard for easy and simple control over multiple Instagram accounts.



### Mobile Ready

Our web based software is also 100% mobile friendly. Edit your settings on the go or login to check on your statistics.



### 24/7 Support

We're here to help! Our friendly support staff is available 24/7 to answer any questions through both chat and email.

## Don't Be Basic, Be Awesome

Get real engagement on your Instagram right now!

**Start Your 3 Day Free Trial**

Copyright © 2017 Boostgram. All Rights Reserved.

How It Works   Features   Get Free Followers   Sign In   Terms of Service   Privacy Policy

URL: https://boostgram.com/

**EXHIBIT 4**

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,822,600**

**Registered Sep. 29, 2015**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94035

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR MODIFYING THE APPEARANCE AND ENABLING TRANSMISSION OF IMAGES, AUDIO-VISUAL AND VIDEO CONTENT; COMPUTER SOFTWARE FOR THE COLLECTION, EDITING, ORGANIZING, MODIFYING, TRANSMISSION, STORAGE AND SHARING OF DATA AND INFORMATION; COMPUTER SOFTWARE FOR USE AS AN APPLICATION PROGRAMMING INTERFACE (API); COMPUTER SOFTWARE IN THE NATURE OF AN APPLICATION PROGRAMMING INTERFACE (API) WHICH FACILITATES ONLINE SERVICES FOR SOCIAL NETWORKING, BUILDING SOCIAL NETWORKING APPLICATIONS AND FOR ALLOWING DATA RETRIEVAL, UPLOAD, DOWNLOAD, ACCESS AND MANAGEMENT; COMPUTER SOFTWARE TO ENABLE UPLOADING, DOWNLOADING, ACCESSING, POSTING, DISPLAYING, TAGGING, BLOGGING, STREAMING, LINKING, SHARING OR OTHERWISE PROVIDING ELECTRONIC MEDIA OR INFORMATION VIA COMPUTER AND COMMUNICATION NETWORKS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,174, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

Page: 2 / RN # 4,822,600

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,146,057**
**Registered May 22, 2012**

INSTAGRAM, INC. (DELAWARE CORPORATION)
181 SOUTH PARK AVENUE
SAN FRANCISCO, CA 94107

**Int. Cl.: 9**

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR MODIFYING THE APPEARANCE AND ENABLING TRANSMISSION OF PHOTOGRAPHS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

**TRADEMARK**

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE WORDING "INSTAGRAM" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 85-426,267, FILED 9-19-2011.

BILL DAWE, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,756,754**

**Registered June 16, 2015**

**Int. Cls.: 35 and 38**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

FOR: MARKETING, ADVERTISING AND PROMOTION SERVICES; DISSEMINATION OF ADVERTISING FOR OTHERS VIA COMPUTER AND COMMUNICATION NETWORKS; MARKETING AND ADVERTISING CONSULTATION SERVICES; PROMOTING THE GOODS AND SERVICES OF OTHERS VIA COMPUTER AND COMMUNICATION NETWORKS; MARKET RESEARCH SERVICES; PROVISION OF MARKET RESEARCH INFORMATION, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-0-2013; IN COMMERCE 11-1-2013.

FOR: TELECOMMUNICATION SERVICES, NAMELY, TRANSMISSION OF ADVERTISE-MENTS AND MEDIA ADVERTISING COMMUNICATIONS VIA COMPUTER AND COM-MUNICATION NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-0-2013; IN COMMERCE 11-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 86-100,072, FILED 10-24-2013.

SANJEEV VOHRA, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION

WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,756,754



# United States of America
## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,863,595**

**Registered Dec. 1, 2015**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

**Int. Cl.: 38**

FOR: TELECOMMUNICATIONS SERVICES, NAMELY, ELECTRONIC TRANSMISSION OF DATA, MESSAGES, GRAPHICS, IMAGES, VIDEOS AND INFORMATION; PEER-TO-PEER PHOTO AND VIDEO SHARING SERVICES, NAMELY, ELECTRONIC TRANSMISSION OF DIGITAL PHOTOS, VIDEO AND AUDIO-VISUAL FILES AMONG INTERNET USERS; PROVIDING ACCESS TO COMPUTER, ELECTRONIC AND ONLINE DATABASES; PROVIDING ONLINE FORUMS FOR COMMUNICATION, NAMELY, TRANSMISSION ON TOPICS OF GENERAL INTEREST; PROVIDING ONLINE CHAT ROOMS AND ELECTRONIC BULLETIN BOARDS FOR TRANSMISSION OF MESSAGES AMONG USERS IN THE FIELD OF GENERAL INTEREST; BROADCASTING SERVICES OVER COMPUTER OR OTHER COMMUNICATION NETWORKS, NAMELY, UPLOADING, POSTING, DISPLAYING, TAGGING, AND ELECTRONICALLY TRANSMITTING DATA, INFORMATION, MESSAGES, GRAPHICS, VIDEOS, AND IMAGES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,177, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

Page: 2 / RN # 4,863,595



# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,863,594**
**Registered Dec. 1, 2015**

INSTAGRAM, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

**Int. Cl.: 41**

**SERVICE MARK**

FOR: PROVIDING COMPUTER, ELECTRONIC AND ONLINE DATABASES IN THE FIELD OF ENTERTAINMENT; PUBLICATION OF ELECTRONIC JOURNALS AND WEB LOGS FEATURING USER GENERATED OR SPECIFIED CONTENT; PUBLISHING OF ELECTRONIC PUBLICATIONS FOR OTHERS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

**PRINCIPAL REGISTER**

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 4,146,057 AND 4,170,675.

SN 85-965,169, FILED 6-20-2013.

BARBARA BROWN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,863,594

# United States of America
## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 5,566,030**

**Registered Sep. 18, 2018**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

Instagram, LLC  (DELAWARE LIMITED LIABILITY COMPANY)
1601 Willow Road
Menlo Park, CALIFORNIA 94025

CLASS 42: Providing a web site that gives users the ability to upload images; file sharing services, namely, providing a website featuring technology enabling users to upload electronic files; providing a web site featuring technology that enables online users to create personal profiles featuring social networking information

FIRST USE 11-5-2012; IN COMMERCE 11-5-2012

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4170675, 4146057

SER. NO. 85-965,167, FILED 06-20-2013



Director of the United States
Patent and Trademark Office

39

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,170,675**

**Registered July 10, 2012**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM, INC. (DELAWARE CORPORATION)
181 SOUTH PARK AVENUE
SAN FRANCISCO, CA 94107

FOR: PROVIDING A WEB SITE THAT GIVES USERS THE ABILITY TO UPLOAD PHOTO-GRAPHS; TECHNICAL SUPPORT SERVICES, NAMELY, PROVIDING HELP DESK SERVICES IN THE FIELD OF COMPUTER SOFTWARE, NAMELY, PROVIDING USERS WITH INSTRUC-TIONS AND ADVICE ON THE USE OF DOWNLOADABLE COMPUTER SOFTWARE, PROVIDED ONLINE AND VIA E-MAIL; COMPUTER SERVICES, NAMELY, PROVIDING AN INTERACTIVE WEBSITE FEATURING TECHNOLOGY THAT ALLOWS USERS TO MANAGE THEIR ONLINE PHOTOGRAPH AND SOCIAL NETWORKING ACCOUNTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

THE WORD "INSTAGRAM" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 85-426,271, FILED 9-19-2011.

BILL DAWE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# INSTAGRAM

**Reg. No. 4,827,509**

**Registered Oct. 6, 2015**

**Int. Cl.: 45**

**SERVICE MARK**

**PRINCIPAL REGISTER**

INSTAGRAM LLC (DELAWARE LIMITED LIABILITY COMPANY)
1601 WILLOW ROAD
MENLO PARK, CA 94025

FOR: INTERNET BASED SOCIAL INTRODUCTION, NETWORKING AND DATING SER-
VICES; PROVIDING INFORMATION IN THE FORM OF DATABASES FEATURING INFORM-
ATION IN THE FIELDS OF SOCIAL NETWORKING, SOCIAL INTRODUCTION AND
DATING, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 10-6-2010; IN COMMERCE 10-6-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-965,171, FILED 6-20-2013.

EUGENIA MARTIN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Page: 2 / RN # 4,827,509

**EXHIBIT 5**

🔍 Inspect: boostgram.com

Domain Profile    Screenshot History    **Whois History**    Hosting History    SSL Profile

**2016-01-29** - (5 years ago)
2 identical records

**Domain**            boostgram.com

**Record Date**       2016-01-29

**Registrar**         ENOM, INC.

**Server**            whois.enom.com

**Created**           2014-03-02 (6 years ago)

**Updated**           2015-03-11 (5 years ago)

**Expires**           2016-03-02 (4 years ago)

**Unique Emails**     • abuse@enom.com
                      • 649cb8282f554b188484ec10106420eb.protect@whoisguard.com

44

```
Domain Name: BOOSTGRAM.COM
Registry Domain ID: 1848853418_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.enom.com
Registrar URL: www.enom.com
Updated Date: 2015-02-16T08:21:24.00Z
Creation Date: 2014-03-02T22:53:00.00Z
Registrar Registration Expiration Date: 2016-03-02T22:53:16.00Z
Registrar: ENOM, INC.
Registrar IANA ID: 48
Reseller: NAMECHEAP.COM
Domain Status: clientTransferProhibited https://www.icann.org/epp#clientTransferProhibited
Registry Registrant ID:
Registrant Name: WHOISGUARD PROTECTED
Registrant Organization: WHOISGUARD, INC.
Registrant Street: P.O. BOX 0823-03411
Registrant City: PANAMA
Registrant State/Province: PANAMA
Registrant Postal Code: 00000
Registrant Country: PA
Registrant Phone: +507.8365503
Registrant Phone Ext:
Registrant Fax: +51.17057182
Registrant Fax Ext:
Registrant Email: 649CB8282F554B188484EC10106420EB.PROTECT@WHOISGUARD.COM
Registry Admin ID:
Admin Name: WHOISGUARD PROTECTED
Admin Organization: WHOISGUARD, INC.
Admin Street: P.O. BOX 0823-03411
Admin City: PANAMA
Admin State/Province: PANAMA
Admin Postal Code: 00000
Admin Country: PA
Admin Phone: +507.8365503
Admin Phone Ext:
Admin Fax: +51.17057182
Admin Fax Ext:
Admin Email: 649CB8282F554B188484EC10106420EB.PROTECT@WHOISGUARD.COM
Registry Tech ID:
Tech Name: WHOISGUARD PROTECTED
Tech Organization: WHOISGUARD, INC.
Tech Street: P.O. BOX 0823-03411
Tech City: PANAMA
Tech State/Province: PANAMA
Tech Postal Code: 00000
Tech Country: PA
Tech Phone: +507.8365503
Tech Phone Ext:
Tech Fax: +51.17057182
Tech Fax Ext:
Tech Email: 649CB8282F554B188484EC10106420EB.PROTECT@WHOISGUARD.COM
Name Server: NS-1013.AWSDNS-62.NET
Name Server: NS-1259.AWSDNS-29.ORG
Name Server: NS-1865.AWSDNS-41.CO.UK
Name Server: NS-438.AWSDNS-54.COM
Name Server: NS-626.AWSDNS-14.NET
DNSSEC: unSigned
Registrar Abuse Contact Email: abuse@enom.com
Registrar Abuse Contact Phone: +1.4252982646
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

## Historical Records

194 records found

**EXHIBIT 6**

PERKINS**COIE**

2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788

+1.602.351.8000
+1.602.648.7000
PerkinsCoie.com

May 11, 2017

Kendra L. Haar
KHaar@perkinscoie.com
D.  +1.602.351.8324
F.   +1.602.648.7063

**VIA EMAIL**

Sean Heilweil
12 Kensington Way
Harriman, NY 10926-3006
sean@chcklst.com

Jarrett C. Lusso
17 Cambridge Ave.
Bethpage, NY 11714-3101
jclusso@gmail.com

Darrell A. Prins
1450 W. Lambert Rd. #36
La Habra, CA 90631-6583
darrellthedesigner@gmail.com

Re:     **Cease and Desist Abuse of Instagram**

Dear Mr. Heilweil, Mr. Lusso, and Mr. Prins:

We represent Facebook, Inc., based in Menlo Park, California, and Instagram, Inc.  It has come to our attention that, through your websites including but not limited to, https://boostgram.com/, https://try.boostgram.com/boosta, and https://app.boostgram.com/signup?invite_code=boosta, you are selling access to software, or a bot, that automates actions on Instagram including likes, follows, comments, and messages to other Instagram users.  This violates Instagram's terms of service.

**Instagram demands that you stop this activity immediately.**

Instagram takes the protection of the user experience very seriously, and it is committed to keeping its site safe for users to interact and share information.  Instagram has developed its terms of service to protect the user experience and to facilitate these goals.

Instagram's terms of service prohibit, among other things:

- <u>Misleading Instagram users.</u>  Your services automate various user activities, creating the false impression that accounts created or the actions taken from those accounts belong to

Sean Heilweil
Jarret Lusso
Darrell Prins
May 11, 2017
Page 2

real persons.  Similarly, the fake "likes," and related actions your software provides to photos and posts attempt to give the false impression of genuine interest in content.

- ▪ <u>Automating user actions.</u> Your service automates the processes of finding, following, and commenting on user content, taking multiple actions at once and without express user consent. Moreover, Instagram's terms permit applications to post to Instagram only to manage business communications with people who have expressed interest in them, and not for other purposes.

- ▪ <u>Selling APIs or tools to others.</u>  From your website, it appears that your software is designed specifically as a tool to increase the amount of Instagram likes and followers that visit your users' accounts.  This directly violates Facebook's and Instagram's terms.

- ▪ <u>Accessing Instagram through automated means.</u>  Your service automates a variety of actions on Instagram.  You may not access Facebook or Instagram through automated means without Facebook and Instagram's prior permission.

- ▪ <u>Facilitating or encouraging others to violate Instagram's terms.</u>  Your software cannot be used on Instagram without violating their terms.  By selling or licensing the software to others, you are facilitating the violations of Instagram's terms as described above.

*See* Instagram Terms of Use, http://instagram.com/about/legal/terms/; and Instagram API Terms of Use, http://instagram.com/about/legal/terms/api/.

In addition to breaching the terms of service, and interfering with Facebook and Instagram's business expectations and interests, your activities may violate federal and state laws.  *See* Computer Fraud and Abuse Act, 18 U.S.C. § 1030; California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502(c).

Facebook and Instagram have taken technical steps to deactivate your Facebook and Instagram accounts, and your limited license to access or use the Facebook and Instagram websites and/or services has been revoked.  **This means that you, your agents, your employees, anyone acting on your behalf, and/or on behalf of your website (collectively "You" or "Your") may not access the Facebook or Instagram websites, use the Facebook or Instagram APIs, or use any of the services offered by Facebook or Instagram for any reason whatsoever**.  Facebook and Instagram will treat further activity by You on their websites or services as unauthorized access to its protected computer networks.

Perkins Coie LLP

Sean Heilweil
Jarret Lusso
Darrell Prins
May 11, 2017
Page 3

**Please respond to me in writing WITHIN <u>48 HOURS</u> confirming that You:**

- Have stopped and will not in the future access the Facebook and Instagram websites and/or use Facebook and Instagram's services for any reason whatsoever;

- Have preserved and will continue to preserve in the future all information related to Your offering and/or sale of Facebook and Instagram services;

- Have stopped and will not in the future offer, transfer, market, sell or offer to sell any services related to Facebook and Instagram;

- Have shut down all websites You operate that are used to sell Facebook or Instagram services, and have removed all advertisements or postings on external websites advertising or describing Your Facebook or Instagram services;

- Have removed all references to Facebook and Instagram from any and all websites that You own or have the ability to control; and

- Will account for and disgorge any and all revenue earned from Your unauthorized activities related to Facebook and Instagram.

**Along with Your responses, You must provide the following information:**

- A complete list of any and all Facebook and Instagram accounts You have created, developed, maintained, or controlled;

- A complete list of domain names that You own, maintain, or control presently, along with all domain names that you have previously used to offer Facebook or Instagram services;

- A detailed description of the methods used to automate Instagram functionality and provide Instagram-related services;

- A complete accounting of each and every customer who purchased your Facebook or Instagram services, including an accounting of all compensation or revenue received by You, and the URLs for each profile and/or Page for which You rendered those services; and

- A copy of each and every version of any software code You have developed or used to interact with the Facebook and Instagram websites and/or services.

Sean Heilweil
Jarret Lusso
Darrell Prins
May 11, 2017
Page 4


If you ignore this letter and continue your improper conduct, Facebook and Instagram will take necessary measures to enforce its rights, maintain the quality of its website, and protect their users.

This letter is not intended by us, and should not be construed by you, as a waiver or relinquishment of any of Facebook's or Instagram's rights or remedies.  Facebook and Instagram specifically reserve all such rights and remedies whether at law or in equity.

Sincerely,

Kendra L. Haar

KLH

Perkins Coie LLP

**EXHIBIT 7**

2020-08-27 https://web.archive.org/web/20170603212638/https://boostgram.com/
92 captures
3 Oct 2016 - 6 Apr 2020



# Increase Your Instagram Exposure

Get real organic engagement on your Instagram account in just three clicks.

**Start Your 3 Day Free Trial**

## How It Works



### Connect to Instagram

To get started, connect your Instagram account to Boostgram. Once you're connected, you will be allowed to access our dashboard.

### Enter your Preferences

Now that you're in the Boostgram dashboard, you'll want to setup your account to target the type of audience you want to engage with.

### Save & Start

Once you have perfected your settings press the Save & Start button. Now, sit back, and enjoy your new organic fans and engagement.



**Start Your 3 Day Free Trial**

## Our Features



### Audience Targeting

Boostgram attracts new followers to your Instagram account. This leads to thousands of new people following, liking, and interacting with your profile.

### Schedule Posts

Create a unique Instagram campaign or plan posts in advance, Boostgram lets you schedule any content to be posted now or in the future.

### Full Control

We provide a full range of actions and settings to help you increase and target highly specific fans on your Instagram account.



### Gender Targeting

Our customized gender targeting allows you to automatically interact with either female, male or both audiences.

### Location Targeting

Targeting by location allows you to focus your efforts to specific geographic areas. This is very effective for local and regional businesses.

### No Download

Our enterprise level software runs entirely on our own web servers, so there is no need to download or install any applications.



### Manage Multiple Accounts

Add multiple Instagram accounts into your dashboard for easy and simple control over multiple Instagram accounts.

### Mobile Ready

Our web based software is also 100% mobile friendly. Edit your settings on the go or login to check on your statistics.

### 24/7 Support

We're here to help! Our friendly support staff is available 24/7 to answer any questions through both chat and email.

## Don't Be Basic, Be Awesome

Get real engagement on your Instagram right now!

**Start Your 3 Day Free Trial**

Copyright © 2017 Boostgram. All Rights Reserved.

URL: https://web.archive.org/web/20170603212638/https://boostgram.com/

**EXHIBIT 8**

PERKINSCOIE

2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012-2788

☎ +1.602.351.8000
🖷 +1.602.648.7000
PerkinsCoie.com

August 27, 2019

Kendra L. Haar
KHaar@perkinscoie.com
D.  +1.602.351.8324
F.  +1.602.648.7063

**VIA EMAIL**

Boostgram
c/o Raymond Lang, esq.
Attorney at Law
Raymond Lang & Associates P.C.
532 Broadhollow Road, Suite 114
Melville, NY 11747
rlang@asyourlawyer.com

Re:   **CEASE AND DESIST ABUSE OF FACEBOOK AND INSTAGRAM -
      BOOSTGRAM**

Dear Mr. Lang:

As you know, we represent Facebook, Inc., based in Menlo Park, California.  We have previously
interacted regarding your clients Jared Lusso, Sean Heilweil, and their website Boostgram.

We originally wrote to your clients on May 11, 2017, asking them to stop providing services that
automate likes and other engagement on Instagram, a Facebook product.  Although you provided
a response to our letter, the matter has never been resolved.  Although you claimed at the time that
Boostgram did not access Instagram through automated means, your clients' website at
boostgram.com, as well as evidence gathered by Facebook, confirm that your clients continue to
offer services that automate multiple actions on Instagram, including fake and automated
engagement services.  These activities violate Instagram's terms of service.  This conduct is
unacceptable.

**Facebook demands that your clients stop this activity *immediately*.**

Facebook takes the protection of the user experience very seriously, and it is committed to keeping
its websites safe for users to interact and share information.  Instagram has developed its terms of
service to protect the user experience and to facilitate these goals.

Instagram's terms of service prohibit, among other things:

- ***Misleading Instagram Users***.   Your clients' service automates various Instagram
  activities, creating the false impression that actions taken from those accounts, and the
  accounts themselves, are associated with real persons.  Similarly, the fake "likes,"
  "followers," and related actions give the false impression of genuine interest in the content.

145491854.2

Perkins Coie LLP

Raymond Lang
August 27, 2019
Page 2

- ***Automating user actions***.  Your clients' service automates several processes on Instagram, including delivering a "like." It also allows an account to take multiple actions at once. Instagram's terms prohibit companies from offering services to users that allow the user to take more than one action on Instagram at a time.

- ***Accessing Instagram through automated means***.  Your clients advertise "automatically interact[ing]" with targeted accounts, as well as the ability to schedule Instagram posts. Accessing Instagram through automated means for these purposes is not permitted.

- ***Facilitating or encouraging others to violate Instagram's terms***.  Your clients' software cannot be used on Instagram without violating their terms.  By selling or licensing the software to others, you are facilitating the violations of Instagram's terms as described above.

*See* Instagram Terms of Service, http://instagram.com/about/legal/terms/; and Instagram Platform Policy, http://instagram.com/about/legal/terms/api/.

In addition to breaching the terms of service and interfering with Facebook's business expectations and interests, your activities may violate other federal and state laws.  *See* Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and the California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502(c).

Facebook has taken technical steps to deactivate your clients' Facebook and Instagram accounts, and hereby revokes your clients' limited licenses to access Facebook and Instagram.  This means that your clients, their agents, employees, affiliates, or anyone acting on their behalf may not access the Facebook or Instagram websites, Platforms, or networks for any reason whatsoever.  Facebook will treat any further activity by your clients on its websites, Platforms, services or networks as intentional and unauthorized access to its protected computer networks.

Please respond to me **WITHIN 48 hours** confirming that Boostgram, and your clients individually:

- Have stopped and will not in the future access the Facebook and Instagram websites and/or use Facebook's and Instagram's services for any reason whatsoever;

- Have preserved and will continue to preserve in the future all information related to their offering and/or sale of Instagram services;

- Have stopped and will not in the future offer, transfer, market, sell or offer to sell any services related to Facebook and Instagram;

Raymond Lang
August 27, 2019
Page 3

- Will transfer all domains that include the terms "Insta," "Gram," or similar domains related to Facebook or Instagram to Facebook;

- Have shut down all websites they operate that are used to sell Facebook or Instagram services, and have removed all advertisements or postings on external websites advertising or describing their Facebook or Instagram services;

- Have removed all references to Facebook and Instagram from any and all websites that they own or have the ability to control; *and*

- Will account for and disgorge any and all revenue earned from their unauthorized activities related to Facebook and Instagram.

Along with your responses, Facebook requires the following information:

- A complete list of any and all Facebook and Instagram accounts your clients have created, developed, maintained, or controlled;

- A complete list of domain names that they own, maintain, or control presently, along with all domain names that they have previously used to offer Facebook or Instagram services;

- A detailed description of the methods they have used to automate Facebook and Instagram functionality and provide Facebook and Instagram related services;

- A complete accounting of each and every customer who purchased their Facebook or Instagram services, including an accounting of all compensation or revenue received by them, and the URLs for each profile and/or Page for which they rendered those services; *and*

- A copy of each and every version of any software code they have developed or used to interact with the Facebook and Instagram websites and/or services.

If your clients ignore this letter and continue their current improper conduct, Facebook will take whatever measures it believes are necessary to enforce its rights, maintain the quality of its websites, and protect users' information and privacy.

Raymond Lang
August 27, 2019
Page 4


This letter is not intended by us, and should not be construed by you or your clients, as a waiver or relinquishment of any of Facebook's rights or remedies in this matter.  Facebook specifically reserves all such rights and remedies whether at law or in equity, under applicable domestic and foreign laws.

Sincerely,

*Kendra L. Haar*

Kendra L. Haar

145491854.2

Perkins Coie LLP