Sharan Johal, Esq. (SBN 177183)
**JOHAL & MOHIUDDIN, LLP**
**ATTORNEYS AT LAW**
750 Battery Street, Seventh Floor
San Francisco, California 94111
Phone:  (415) 357-1800
Fax:      (415) 357-1801

Douglas A. Applegate (SBN 142000)
**Pacific Legal Group, PC**
315 Montgomery Street, Ninth Floor
San Francisco, California 94104
Phone: (415) 746-1470
Fax:     (415) 746-1471

Attorneys for Defendants
SEAN HEILWEIL and JARRETT LUSSO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company,<br><br>        Plaintiffs<br>   v.<br>SEAN HEILWEIL, and JARRETT LUSSO, d/b/a "BOOSTGRAM"<br><br>        Defendants | Case No.:  3:20-cv-07345-SK<br><br>ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>Hon. Sallie Kim<br>Action filed:  October 20, 2020 |

COME NOW defendants Sean Heilweil and Jarrett Lusso (collectively "Defendants") and pursuant to Federal Rule of Civil Procedure 8(b) submit the following admissions and denials in response to the Complaint filed against them herein by Facebook, Inc. and Instragram, LLC (collectively, hereafter, "Plaintiff").

    1.    Defendants deny the allegations of paragraph one of the complaint and further deny the allegation suggested by the caption that they currently or at some time in the past have as individuals done business using the fictitious name of "Boostgram."

2. Defendants deny the allegations of paragraph two of the complaint.

3. Defendants admit the allegations of paragraph three of the complaint.

4. Defendants admit the allegations of paragraph four of the complaint.

5. Defendants admit the allegations of paragraph five of the complaint.

6. Defendants admit the allegations of paragraph six of the complaint.

7. Defendants admit that in a managerial capacity acting within the scope of their managerial agency defendants in 2015 controlled the website boostgram.com. Defendants deny the remaining allegations of paragraph 7 of the complaint.

8. Defendants admit that the complaint's allegations endeavor to state a claim under the federal question jurisdiction of the court such that the court has jurisdiction under 28 U.S.C. § 1331. Defendants deny the remaining allegations of paragraph 8 of the complaint and specifically deny that the actual facts, as opposed to those that have been alleged, support any federal jurisdiction over this dispute.

9. Defendants admit that the state law claims arise out of a sufficient nucleus of common facts to support supplemental jurisdiction, but deny the remaining allegations of paragraph 9 of the complaint.

10. Defendants have no reason to dispute that complete diversity exists between the parties but deny the remainder of the allegations in paragraph 10 of the complaint.

11. Defendants deny the allegations of paragraph 11 of the complaint.

12. Defendants deny the allegations of paragraph 12 of the complaint.

13. Defendants deny the allegations of paragraph 13 of the complaint.

14. In response to the allegations of paragraph 14 of the complaint, defendants take no position on the proper assignment of this case between San Francisco and Oakland and lack knowledge of whether or not Plaintiff's presence in San Mateo County among its numerous places of presence justify one location as opposed to the other, but as defendants are submitting to the jurisdiction of the assigned magistrate judge and since the matter has already been assigned to San Francisco, the allegations in paragraph 14 of the complaint appear to be moot.

15. Defendants have no reason to dispute Plaintiffs' self-aggrandizing designation of

1  its user base, monopoly power and market share, with the implications therein entailed for
2  Facebook's efforts to enforce clearly adhesive and unconscionable terms of use, and Defendants
3  therefore admit the allegations of paragraph 15 of the complaint.

4        16.      Defendants admit the allegations of paragraph 16 of the complaint.

5        17.      Defendants admit the allegations of paragraph 17 of the complaint.

6        18.      Defendants admit the allegations of paragraph 18 of the complaint.

7        19.      Defendants lack sufficient information or belief to either admit or deny the
8  contents of Plaintiff's terms of use at any particular point in time or where one might find
9  iterations of the terms of use at some other point in time, and therefore denies the first sentence
10 and footnote of paragraph 19 of the complaint.  Defendants deny that *any* of Plaintiff's users on
11 any of its platforms "agree" to the entirety of Plaintiff's terms and conditions under any
12 circumstances, since those terms are clearly adhesive, the parties' bargaining power is just about
13 as unequal as has ever existed between any entity and any individual in free societies ever, and
14 many of the provisions are clearly unconscionable and invalid.  For that reason as well,
15 Defendants deny the entirety of the allegations in paragraph 19 of the complaint.

16       20.      Defendants lack sufficient information or belief to either admit or deny the
17 contents of Plaintiff's terms of use at any particular point in time, or the meaning or content of
18 the portions of those terms and conditions that Plaintiff has chosen to eliminate through elipses
19 in the complaint.  Defendants therefore deny the allegations of paragraph 20 of the complaint.

20       21.      Defendants lack sufficient information or belief to either admit or deny the
21 contents of Plaintiff's terms of use at any particular point in time, or the meaning or content of
22 the portions of those terms and conditions that Plaintiff has chosen to eliminate through elipses
23 in the complaint.  Defendants therefore deny the allegations of paragraph 21 of the complaint.

24       22.      Defendants lack sufficient information or belief to either admit or deny the
25 allegations of paragraph 22 of the complaint and therefore deny them.

26       23.      Without quibbling about whether the mark INSTAGRAM is highly distinctive in
27 all contexts, Defendants admit the allegations of paragraph 23 of the complaint.

28       24.      Without having verified to ensure that there are no typographical errors in

Plaintiff's listing of registrations, Defendants admit the allegations of paragraph 24 of the complaint.

28. Without having verified the accuracy and completeness of the collation of registrations at Exhibit 4 to the complaint, Defendants admit the allegations of paragraph 25 of the complaint.

26. Defendants deny the allegations of paragraph 26 of the complaint.

27. Defendants admit the allegations of paragraph 27 of the complaint until the last seven words, which Defendants expressly and specifically deny: "pre-dating Defendants' use of the dilutive 'Boostgram.'"

28. Defendants admit that Plaintiff's Instragram Trademarks are to some extent protected by the Lanham Act, but deny the remaining allegations of paragraph 28 of the complaint.

29. Defendants deny the allegations of paragraph 29 of the complaint.

30. Defendants admit that Plaintiff sent the two letters attached as Exhibits 6 and 8 to the complaint.  Defendants admit that Plaintiff (wrongly) disabled their personal Instagram accounts despite their lack of any violation of the applicable use requirements.  Defendants deny the remaining allegations of paragraph 30 of the complaint.

31. Defendants admit that Plaintiff sent the letter attached as Exhibit 6 to the complaint, but deny the remaining allegations of the first sentence of paragraph 31 of the complaint.  Defendants admit the allegations of the second sentence of paragraph 31 of the complaint.

32. Defendants admit that Plaintiff sent the letter attached as Exhibit 6 to the complaint, but deny the remaining allegations of paragraph 32 of the complaint.

33. Defendants admit that Plaintiff sent the letter attached as Exhibit 6 to the complaint, but deny the remaining allegations of paragraph 33 of the complaint.

34. Defendants admit that on May 13, 2017, their attorney sent a letter to Plaintiff that included the seven quoted words that Plaintiff has included (without the surrounding context of the full letter) as part of paragraph 34 of the complaint.  Defendants also admit the last sentence

of paragraph 34, but except as so admitted, Defendants deny the remaining allegations of paragraph 34 of the complaint.

35. Defendants deny the allegations of paragraph 35 of the complaint.

36. Defendants admit that after their accounts were deactivated, they did open other accounts, but the extent to which they were acting as individuals rather than as agents within the course and scope of their agency would vary depending upon the precise details which paragraph 36 of the complaint lacks.  Except as so admitted, Defendants deny the allegations of paragraph 36 of the complaint.

37. Defendants admit the allegations of paragraph 37 of the complaint.

38. Defendants admit that Plaintiff sent the letter attached as Exhibit 8 to the complaint, but denies the remaining allegations of paragraph 38 of the complaint.

39. Defendants deny the allegations of paragraph 39 of the complaint.

40. Defendants deny the last sentence of paragraph 40 of the complaint, but otherwise admit the allegations contained in paragraph 40 of the complaint.

41. Defendants deny the allegations of paragraph 41 of the complaint.

42. Defendants deny the allegations of paragraph 42 of the complaint.

43. Defendants deny the allegations of paragraph 42 of the complaint.

44. Defendants admit that they administered a Facebook page named "Boostgram" that truthfully and accurately stated information in a way that conformed with all Facebook use requirements.  In all other respects, Defendants deny the allegations of paragraph 44 of the complaint.

45. Defendants admit the allegations in paragraph 45 of the complaint.

46. Defendants deny the allegations of paragraph 46 of the complaint.

47. Defendants deny the allegations of paragraph 47 of the complaint.

48. Defendants deny the allegations of paragraph 48 of the complaint.

49. Defendants deny the allegations of paragraph 49 of the complaint.

50. Defendants deny the allegations of paragraph 50 of the complaint.

51. Defendants deny the allegations of paragraph 51 of the complaint.

1   52.   Defendants deny the allegations of paragraph 52 of the complaint.

2   53.   Defendants deny the allegations of paragraph 53 of the complaint.

3   54.   Defendants deny the allegations of paragraph 54 of the complaint.

4   55.   Defendants deny the allegations of paragraph 55 of the complaint.

5   56.   Defendants incorporate herein the admissions and denials from paragraphs 1
6   through paragraphs 55, above.

7   57.   Defendants admit that they created personal Instagram accounts and went through
8   the normal process to do so.  Defendants deny the remaining allegations of paragraph 57 of the
9   complaint.

10   58.   Defendants deny the allegations of paragraph 58 of the complaint.

11   59.   Defendants deny the allegations of paragraph 59 of the complaint.

12   60.   Defendants deny the allegations of paragraph 60 of the complaint and further note
13   that myriad companies have the generic word "gram" in their name and did so long before
14   Plaintiff, and the use of gram as a descriptive suffix includes at least the following English
15   words: arteriogram, dactylogram, electrogram, gorillagram, harmonogram, marconigram,
16   meteorogram, oscillogram, overprogram, phraseogram, scattergram, spectrogram, sphygmogram,
17   steganogram, syllabogram, cardiogram, chromogram, chronogram, cryptogram, dendrogram,
18   lymphogram, misprogram, sphenogram, angiogram, audiogram, cablegram, calligram,
19   candygram, cartogram, centigram, ectogramm, hektogram, heliogram, hierogram, histogram,
20   karyogram, kissagram, kissogram, ammogram, microgram, milligram, myelogram, nephogram,
21   neurogram, pentagram, petrogram, phonogram, photogram, pictogram, pyelogram, radiogram,
22   reprogram, scalogram, sialogram, sociogram, spirogram, spodogram, tachogram, tephigram,
23   tetragram, aerogram, barogram,, , decigram, dekagram, echogram, ergogram, ethogram,
24   genogram, hexagram, hologram, ideogram, idiogram, kilogram, kymogram, lexigram, lipogram,
25   logogram, mailgram, marigram, ondogram, paragram, picogram, renogram, skiagram, sonogram,
26   telegram, tomogram, venogram, zymogram, anagram, diagram, epigram, grogram, isogram,
27   myogram, pangram, program, tangram, trigram, engram, fogram and ingram.

28   61.   Defendants deny the allegations of paragraph 61 of the complaint.

1    62.   Defendants deny the allegations of paragraph 62 of the complaint.

2    63.   Defendants incorporate herein the admissions and denials from paragraphs 1

3 through paragraphs 62, above.

4    64.   Defendants deny the allegations of paragraph 64 of the complaint.

5    65.   Defendants deny the allegations of paragraph 65 of the complaint.

6    66.   Defendants deny the allegations of paragraph 66 of the complaint.

7    67.   Defendants deny the allegations of paragraph 67 of the complaint.

8    68.   Defendants deny the allegations of paragraph 68 of the complaint.

9    69.   Defendants deny the allegations of paragraph 69 of the complaint.

10    70.   Defendants deny the allegations of paragraph 70 of the complaint.

11    71.   Defendants incorporate herein the admissions and denials from paragraphs 1

12 through paragraphs 70, above.

13    72.   Defendants deny the allegations of paragraph 72 of the complaint.

14    73.   Defendants admit the allegations of paragraph 73 of the complaint.

15    74.   Defendants deny the allegations of paragraph 74 of the complaint.

16    75.   Defendants deny the allegations of paragraph 75 of the complaint.

17    76.   Defendants deny the allegations of paragraph 76 of the complaint.

18    77.   Defendants deny the allegations of paragraph 77 of the complaint.

19    78.   Defendants deny the allegations of paragraph 78 of the complaint.

20    79.   Defendants deny the allegations of paragraph 79 of the complaint.

21    80.   Defendants incorporate herein the admissions and denials from paragraphs 1

22 through paragraphs 79, above.

23    81.   Without quibbling about whether the Instragram Trademarks are highly

24 distinctive in all contexts, Defendants admit the allegations of paragraph 81 of the complaint.

25    82.   Without quibbling about whether the Instragram Trademarks are or were famous

26 in all contexts, Defendants admit that they were famous for purposes of these proceedings.

27 Defendants deny the remaining allegations of paragraph 82 of the complaint.

28    83.   Defendants deny the allegations of paragraph 83 of the complaint.

| | | |
|---|---|---|
| 1 | 84. | Defendants deny the allegations of paragraph 84 of the complaint. |
| 2 | 85. | Defendants admit the allegations of paragraph 85 of the complaint. |
| 3 | 86. | Defendants admit the allegations of paragraph 86 of the complaint. |
| 4 | 87. | Defendants deny the allegations of paragraph 87 of the complaint. |
| 5 | 88. | Defendants deny the allegations of paragraph 88 of the complaint. |
| 6 | 89. | Defendants deny the allegations of paragraph 89 of the complaint. |
| 7 | 90. | Defendants deny the allegations of paragraph 90 of the complaint. |
| 8 | 91. | Defendants deny the allegations of paragraph 91 of the complaint. |
| 9 | 92. | Defendants incorporate herein the admissions and denials from paragraphs 1 through paragraphs 91, above. |
| 11 | 93. | Without quibbling about whether the Instragram Trademarks are or were famous in all contexts, Defendants admit that they were famous for purposes of these proceedings. Defendants lack sufficient information or belief to either admit or deny the remaining allegations of paragraph 93 of the complaint and therefore deny them. |
| 15 | 94. | Defendants deny the allegations of paragraph 94 of the complaint. |
| 16 | 95. | Defendants deny the allegations of paragraph 95 of the complaint. |
| 17 | 96. | Defendants deny the allegations of paragraph 96 of the complaint. |
| 18 | 97. | Defendants deny the allegations of paragraph 97 of the complaint. |
| 19 | 98. | Defendants deny the allegations of paragraph 98 of the complaint. |
| 20 | 99. | Defendants deny the allegations of paragraph 99 of the complaint. |
| 21 | 100. | Defendants deny the allegations of paragraph 100 of the complaint. |
| 22 | 101. | Defendants incorporate herein the admissions and denials from paragraphs 1 through paragraphs 101, above. |
| 24 | 102. | Defendants deny the allegations of paragraph 102 of the complaint. |
| 25 | 103. | Defendants deny the allegations of paragraph 103 of the complaint. |
| 26 | 104. | Defendants deny the allegations of paragraph 104 of the complaint. |
| 27 | 105. | Defendants deny the allegations of paragraph 105 of the complaint. |
| 28 | 106. | Defendants deny the allegations of paragraph 106 of the complaint. |

1    107.    Defendants deny the allegations of paragraph 107 of the complaint.

2    108.    Defendants deny the allegations of paragraph 108 of the complaint.

3    109.    Defendants deny the allegations of paragraph 109 of the complaint.

4    110.    Defendants deny the allegations of paragraph 110 of the complaint.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the claims against them, Defendants allege against FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company (hereafter "Plaintiffs") as follows:

### FIRST AFFIRMATIVE DEFENSE
(Plaintiffs' Bad Faith Conduct)

Plaintiffs are barred from any recovery on complaint because Plaintiffs have been guilty of improper conduct connected with the matters alleged in the complaint.  Plaintiffs' complaint is itself part of a broader effort by Plaintiffs to extend their monopoly power through improper means.  As part of that broader effort, Plaintiffs have attacked both economically through improper use of monopoly power and legally through meritless and frivolous lawsuits an attack on all potentially competing social networks, and Plaintiffs have cast the net so wide as to include as supposed contractual terms of use violators those who merely introduce Plaintiffs' social members to members of other networks.

### SECOND AFFIRMATIVE DEFENSE
(Waiver)

Plaintiffs are barred, in whole or in part, from any recovery on the complaint in that Plaintiffs have waived any rights they may have had with respect to the allegations in said complaint.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiffs are barred from any recovery on the complaint by virtue of the doctrine of estoppel.

//

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands and Illegality)

Plaintiffs are barred, in whole or in part, from any recovery on the Complaint because they acted with unclean hands, illegally, in violation of the antitrust laws of the United States, in violation of the antitrust laws of numerous states and otherwise for an improper purpose as part of an illicit venture.

## FIFTH AFFIRMATIVE DEFENSE
(Agent's Immunity)

Defendants acted in good faith and within the scope and course of their managerial agency and with sound judgment for one or more business entities and are accordingly immune from personal liability for such actions such liability, if any might otherwise exist.

## SIXTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiffs' claims and each of them are barred as having been raised after the expiration of the applicable statute of limitations or repose.  Plaintiffs have not yet established the jurisdictional law to apply to the supplementary claims asserted under state law and appear to believe, without justification, that California law applies to those claims.

## SEVENTH AFFIRMATIVE DEFENSE
(Lack of Long Arm Jurisdiction)

Defendants do not have an adequate connection to California sufficient to subject Defendants to the territorial laws of that state including, without limitation, California's Penal Code.

## EIGHTH AFFIRMATIVE DEFENSE
(First Amendment Defense)

Plaintiffs' claims to Lanham Act protection are superceded as a matter of law by Defendants' rights of free expression and association as delineated in, among others, *Kirby v. Sega of America.*

//

### NINTH AFFIRMATIVE DEFENSE
(Fruits of an Illegal Enterprise)

The intellectual property and contract rights that Plaintiffs purport to protect by their complaint herein was itself the product of and derived from the illegal and monopolistic conjoining of Plaintiffs and Plaintiffs preceding and ensuing efforts to dominate the market of social networks through illegal acts, intimidation and threats.  Public policy precludes Plaintiffs from furthering their illegal enterprise and monopolistic business violations through misguided lawsuits such as this one.  Plaintiffs' claims are barred, in whole or in part, as the illegal fruits of an illegal enterprise.

Defendant are presently unaware of any additional affirmative defenses that may apply to this action.  Defendants may discover additional applicable defenses during the course of discovery and therefore reserve the right to amend or supplement these defenses.

### PRAYER

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiffs take nothing from Defendants by reason of the complaint or any cause of action therein;
2. That the Court deny all requests by Plaintiffs for injunctive or equitable relief;
3. That the Court award Defendants their costs of suit;
4. That the Court award Defendants their attorney's fees and other expenses incurred in this litigation, if allowable under any provision of the law; and
5. For such other and further relief as the Court deems to be just and proper.

Dated: December _____, 2020

**JOHAL & MOHIUDDIN, LLP**

_____
Sharan Johal, Esq. for Defendants
SEAN HEILWEIL and JARRETT LUSSO

**DEMAND FOR JURY**

Defendants hereby demands a jury trial on all issues.

Dated: December 11, 2020

                          **JOHAL & MOHIUDDIN, LLP**

/s/   Sharan Johal, Esq.
Sharan Johal, Esq. for Defendants
SEAN HEILWEIL and JARRETT LUSSO